**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DAVID BAKER,** | |
| **Plaintiff,** | |
| **v.** | **1:13-cv-0477-WSD** |
| **CITIMORTGAGE, INC.,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on CitiMortgage, Inc.'s ("Defendant" or "CitiMortgage") Motion to Dismiss [7] David Baker's ("Plaintiff" or "Baker") Complaint [1.1 at 2-14].

## I.   BACKGROUND

On May 13, 2005, Plaintiff executed a promissory note (the "Note") in the amount of $225,000, secured by a deed ("Security Deed") to real property located at 769 First Street, Lawrenceville, Georgia ("the Property").[1]  (Compl. at 2, 7-8; Security Deed [7.4] at 1-2).[2]  Plaintiff executed the Note in favor of E-Loan, Inc.

---

[1]      Allyson Baker, who also executed the Security Deed and Note with Plaintiff, is not a party to this litigation.

[2]      Defendant attaches to its Motion to Dismiss copies of the Security Deed, Assignment, and Notice of Foreclosure Sale.  The Court may consider these documents because they are central to Plaintiff's claims and Plaintiff does not challenge their authenticity.   See, e.g., SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); see also Harris v. Ivax Corp., 182 F.3d

("E-Loan"), and executed the Security Deed in favor of Mortgage Electronic

Registration Systems, Inc. ("MERS"), "as nominee for [E-Loan] and [E-Loan's]

successors and assigns."  (Compl. at 2; Security Deed at 1).  Under the terms of the

Security Deed, Plaintiff "grant[ed] and convey[ed] to MERS (solely as nominee

for [E-Loan] and [E-Loan's] successors and assigns) and the successors and

assigns of MERS, with power of sale, the [Property]."  (Security Deed at 2).

On August 27, 2010, MERS assigned its rights under the Security Deed (the

"Assignment") to CitiMortgage.  (Assignment [7.5]).

On November 29, 2012, Pendergast & Associates ("Pendergast"), on behalf

of CitiMortgage, sent Plaintiff a Notice of Foreclosure Sale indicating that Plaintiff

had defaulted on his loan obligations and that the Property would be sold at

foreclosure on the first Wednesday of January, 2013.  (Notice of Foreclosure Sale

[7.6] at 2).  The Notice of Foreclosure Sale states that the sale is being conducted

by CitiMortgage, the holder of the Security Deed and the Note.[3]  (Id.).

---

799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the
defense appends to its motion to dismiss is also properly considered, provided that
its contents are not in dispute.").

[3]    The Notice of Foreclosure Sale also states that CitiMortgage services the
loan on behalf of Federal National Mortgage Association, the current owner of
Plaintiff's loan.  (Id.).

On January 2, 2013, CitiMortgage sold the Property at foreclosure.  (Deed Under Power [7.7]).[4]

On January 14, 2013, Plaintiff, proceeding *pro se*, filed his Complaint in the Superior Court of Gwinnett County, Georgia, asserting claims for wrongful foreclosure.[5]  Plaintiff alleges that CitiMortgage lacks authority to foreclose on the Property and that notice of the foreclosure sale was not given in accordance with O.C.G.A. § 44-14-162.2.  Plaintiff seeks compensatory and punitive damages, equitable relief, and attorney's fees.

On February 14, 2013, Defendant removed the Gwinnett County action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).

On February 28, 2013, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim.

On March 15, 2013, Plaintiff filed his "Motion for Order to Show Cause and Objection to Motion to Dismiss" [9], which the Court construes as Plaintiff's Response to Defendant's Motion to Dismiss.[6]

---

[4]     CitiMortgage was the highest bidder at the foreclosure sale.  On January 2, 2013, CitiMortgage sold the Property to Federal National Mortgage Association. (Special Warranty Deed [7.8]).

[5]     Baker v. CitiMortgage, Inc., No. 13A-00388-5.

[6]     To the extent Plaintiff, in his Response, "moves th[e] Court to order Defendant to surrender the Genuine Original NOTE [sic]," (Pl's Resp. [9] at 10), Plaintiff fails to state a viable claim for relief and his request is denied.  See Fabre v. Bank of Am., N.A., No. 12-15053, 2013 WL 3722118, at *3 (11th Cir. July 17,

## II.   DISCUSSION

### A.   Legal Standard

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012).  Nor will the Court "accept

---

2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.") (citing You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013)).

4

as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to
contain "enough facts to state a claim to relief that is plausible on its face."
Twombly, 550 U.S. at 570.[7]

To state a claim to relief that is plausible, the plaintiff must plead factual
content that "allows the Court to draw the reasonable inference that the defendant
is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility"
requires more than a "sheer possibility that a defendant has acted unlawfully," and
a complaint that alleges facts that are "merely consistent with" liability "stops
short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.
(citing Twombly, 550 U.S. at 557).  "To survive a motion to dismiss, plaintiffs
must do more than merely state legal conclusions; they are required to allege some
specific factual bases for those conclusions or face dismissal of their claims."
Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004)
("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

---

[7]     The Supreme Court explicitly rejected its earlier formulation for the Rule
12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not
be dismissed for failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would entitle him
to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41,
45-46 (1957)).  The Court decided that "this famous observation has earned its
retirement."  Id. at 563.

masquerading as facts will not prevent dismissal.") (citations omitted).[8]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Analysis

1.    Wrongful Foreclosure

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank,

---

[8]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

634 S.E.2d 802, 807 (Ga. Ct. App. 2006).  "A claim for wrongful exercise of a

power of sale under O.C.G.A. § 23–2–114 can arise when a creditor has no legal

right to foreclose."  DeGoyler v. Green Tree Serv., LLC, 662 S.E.2d 141, 147

(Ga. Ct. App. 2008).

Plaintiff asserts that CitiMortgage lacks authority to foreclose on the

Property.  It is undisputed that Plaintiff executed the Security Deed in favor of

MERS, as nominee for E-Loan.  (Compl. at 2; Security Deed at 1).  Under the

terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to MERS (solely as

nominee for Lender and Lender's successors and assigns) and the successors and

assigns of MERS, with power of sale, the [Property]."  (Security Deed at 2).

On August 27, 2010, MERS assigned its rights under the Security Deed to

CitiMortgage.  (Assignment).  The Assignment states that MERS

> does hereby sell, assign, transfer, set over and convey unto
> CitiMortgage . . . that certain Security Deed . . . together with the real
> property therein described . . . together with all of [MERS's] right,
> title and interest in and to the [Security Deed and the Property] . . . .

(Assignment).  CitiMortgage is thus entitled to exercise the power of sale in the

Security Deed.  See O.C.G.A. § 23-2-114.[9, 10]

---

[9]    O.C.G.A. § 23-2-114 provides:
       Powers of sale in deeds of trust, mortgages and other instruments shall
       be strictly construed and shall be fairly exercised.  . . . Unless the
       instrument creating the power specifically provides to the contrary, a
       personal representative, heir, heirs, legatee, devisee, or *successor of the*

To the extent Plaintiff argues that CitiMortgage lacks standing to foreclose on the Property because it is not the "secured creditor" and does not hold the Security Deed and the Note, the Supreme Court of Georgia has expressly rejected

---

*grantee in a . . . deed to secure debt, . . . or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, or successor *may exercise any power therein contained*; and such powers may so be exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described.

(Emphasis added). The Security Deed discloses no intent on the part of Plaintiff to restrict MERS from assigning its rights, including the power of sale, under the Security Deed. Rather, Plaintiff unequivocally granted to MERS, as nominee for E-Loan, its successors and assigns, and the successors and assigns of MERS, the right to foreclose and sell the Property in the event of Plaintiff's default.

[10]    To the extent Plaintiff argues that the Assignment is defective or fraudulent, Plaintiff was not a party to the Assignment and therefore does not have standing to challenge its validity. See, e.g., Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-0014, 2012 WL 3961211, at *10 (N.D. Ga. Sept. 10, 2012) ("[C]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale."); Adams v. Mortg. Elec. Registration Sys. Inc., No. 1:11-cv-4263, 2012 WL 1319453, at *8 (N.D. Ga. Apr. 16, 2012) (citing Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("Appellants are strangers to the assignment contract . . . and thus no standing to challenge its validity.")).

Even if Plaintiff had standing to challenge the Assignment, to the extent Plaintiff argues that it was not properly executed, the Assignment is signed by two Assistant Secretaries of MERS and contains the signature of an unofficial witness and a notary jurat. See, e.g., O.C.G.A. §§ 44-14-61 (deeds to secure debt shall be attested as required for mortgages), 44-14-64 (transfer of security deed shall be witnessed as required for deeds), 44-14-33 (in the case of real property, mortgage must be attested by an official witness and additional witness), 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public), 14-5-7(b) (transfer of security deed signed by corporate officer, including assistant secretary, is conclusive evidence that: the officer occupies position indicated; the officer's signature is genuine; and execution of the instrument on behalf of the corporation has been duly authorized).

this argument and held that "the holder of a deed to secure debt is authorized to

exercise the power of sale in accordance with the terms of the deed even if it does

not also hold the note or otherwise have any beneficial interest in the debt

obligation underlying the deed." You v. JP Morgan Chase Bank, 743 S.E.2d 428,

433 (Ga. 2013); see also Fabre v. Bank of Am., N.A., No. 12-15053, 2013 WL

3722118, at *3 (11th Cir. July 17, 2013) ("Actual possession of the note is not

required for a secured creditor seeking non-judicial foreclosure.").[11]  Plaintiff fails

---

[11]      To the extent Plaintiff's wrongful foreclosure claim is based on his
assertions that CitiMortgage failed to produce the original promissory note, that
ownership of the Note and Security Deed was "split," that his mortgage "was
securitized improperly" and that the foreclosure sale violated the Uniform
Commercial Code, variations of these arguments have been repeatedly rejected
under Georgia law.  See, e.g., Davis v. Bank of Am., N.A., No. 1:11-cv-4552,
2012 WL 3949618, at *3 (N.D. Ga. May 17, 2012) report and recommendation
accepted in part, 2012 WL 3949224 ("Courts in this district have rejected
variations of the 'produce the note' argument and found that separation of the note
and security deed does not render either instrument void.") (collecting cases);
Montoya v. Branch Banking & Trust Co., No. 1:11-cv-1869, 2012 WL 826993, at
*5 (N.D. Ga. Mar. 9, 2012) (rejecting wrongful foreclosure claim to the extent that
it was based on a note-splitting theory); Searcy v. EMC Mortg. Corp.,
No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010)
("While it may well be that Plaintiff's mortgage was pooled with other loans into a
securitized trust that then issued bonds to investors, that fact would not have any
effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it
certainly would not absolve Plaintiff from having to make loan payments or
somehow shield Plaintiff's property from foreclosure."); cf. Farkas v. SunTrust
Mortg., Inc., 447 F. App'x 972, 973 (11th Cir. 2011) ("A foreclosure is an action
on a mortgage and, as such, is not governed by the UCC.") (citing Alabama's
commercial code); You, 743 S.E.2d at 431-432 ("splitting" ownership of a note
from ownership of a deed not expressly prohibited under Georgia law; a security

to state a claim for wrongful foreclosure based on CitiMortgage's alleged lack of authority to foreclose on the Property.

Plaintiff next asserts that foreclosure was wrongful because the Notice of Foreclosure Sale did not comply with Georgia law.  O.C.G.A. § 44-14-162.2(a) provides that:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure.  Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

O.C.G.A. § 44–14–162.2(a).

Here, the Notice of Foreclosure Sale was sent by certified mail, return receipt requested, to Plaintiff at the Property address on November 29, 2012. (Notice of Foreclosure Sale at 1-3, 13, 18).  The Notice was in writing and it identified CitiMortgage as the entity with full authority to amend, negotiate, or modify the terms of Plaintiff's loan, and provided CitiMortgage's address and telephone number.  (Id. at 2-3).  The Notice of Foreclosure Sale thus complied with Section 162.2.  See, e.g., Harris v. Chase Home Fin., LLC, No. 12-10406,

---

deed is not a negotiable instrument and is not governed by Georgia's Uniform Commercial Code).

2013 WL 3940000, at *3 (11th Cir. July 31, 2013) ("[T]he secured creditor did not need to be identified in the Notice of Foreclosure.  The only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent.") (citing You, 743 S.E.2d at 433); You, 743 S.E.2d at 434 n.7 ("[T]he required notice need not expressly identify the foreclosing party as a 'secured creditor.'"); LaCosta v. McCalla Raymer, LLC, No. 1:10-cv-117, 2011 WL 166902, at *3-4 (N.D. Ga. Jan. 18, 2011) ("The goal of Section 162 is to give the debtor notice of the foreclosure sale. Whether that notice is provided by the secured creditor directly, or by its agent, is of no consequence.").  Plaintiff fails to state a claim for wrongful foreclosure based on perceived defects in the Notice of Foreclosure Sale.[12]

Finally, the Court notes that Plaintiff does not allege, and it does not appear, that he is current on his loan obligations.  Failure to make the proper loan payments defeats any wrongful foreclosure claim.  See Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was

---

[12]      In his Response, Plaintiff refers to a Notice of Sale Under Power regarding a foreclosure sale of the Property scheduled for the first Tuesday of September, 2011.  (Pl's Resp. at 22-23).  To the extent Plaintiff intended to assert a claim for wrongful foreclosure based on this earlier notice, it is nearly identical to the November 29, 2012, Notice of Foreclosure Sale and for the same reasons, the Court finds that the earlier notice complies with the requirements of Section 162.2.

"solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); <u>Harvey v. Deutsche Bank Nat. Trust Co.</u>, No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012); ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); <u>Taylor v. Wachovia Mortg. Corp.</u>, No. 1:07-cv-2671, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009) (Thrash, J., adopting Vineyard, M.J.) ("Plaintiff has not provided any evidence showing that he tendered the full amount of the loan or any portion thereof.  Thus, under Georgia law, plaintiff has no standing to bring an action to enjoin the foreclosure sale.").  Plaintiff's claims for wrongful foreclosure are required to be dismissed for this additional reason.

   2. <u>"Dispossess Proceedings"</u>

  To the extent Plaintiff asserts a claim for, or based on, "dispossess proceedings" in his Complaint, Plaintiff does not address Defendant's asserted grounds for dismissal and it appears Plaintiff has this abandoned claim.  <u>See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta</u>, 219 F.3d 1301, 1326 (11th Cir. 2000) (Where a party fails to brief or argue an issue in response to a motion, that failure is grounds for a district court to find "that the issue has been abandoned.").

Even if this claim had not been abandoned, Plaintiff's claim for "dispossess proceedings" is conclusory and confusing.  To the extent Plaintiff seeks to enjoin or set aside state court dispossessory proceedings, the Court cannot provide Plaintiff the relief he seeks.  The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  To the extent the relief Plaintiff seeks would require the Court to find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Federal district courts "generally lack jurisdiction to review a final state court decision."  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).  This claim is required to be dismissed.

3.    Equitable Relief

To the extent Plaintiff asserts a separate claim for "equitable relief" to set aside the foreclosure sale, Plaintiff fails to allege a viable claim for wrongful foreclosure and his claim for equitable relief also is required to be dismissed.

4.      Punitive Damages and Attorney's Fees

Plaintiff is not entitled to an award of punitive damages because he failed to state any claims upon which relief may be granted.  See O.C.G.A. § 51-12-5.1(b);[13] Martin v. Martin, 600 S.E.2d 682, 683 (Ga. Ct. App. 2004) ("Punitive damages cannot be awarded in the absence of any finding of compensatory damages."). Plaintiff also is not entitled to attorney's fees and costs because he is not a prevailing party and his claims have been dismissed.  See Fed. R. Civ. P. 54; Amstead v. McFarland, 650 S.E.2d 737 (Ga. Ct. App. 2007) (attorney's fees not available where general damages not awarded).[14]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that CitiMortgage, Inc.'s Motion to Dismiss [7] is **GRANTED.**  This action is **DISMISSED.**

---

[13]     "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."  O.C.G.A. § 51-12-5.1(b).

[14]     Based on the allegations in the Complaint, the Court concludes that a more carefully drafted complaint would not state a viable claim and that it would be futile to grant Plaintiff leave to amend his Complaint.   See Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 427 (11th Cir. 2010) (where a more carefully drafted complaint might state a claim, *pro se* plaintiff should be given opportunity to amend).

**SO ORDERED** this 13th day of August, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE